UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAMELA E. WATKINS,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>UNITED STATES POSTAL SERVICE,<br><br>　　　　　Defendant. | No. 2:17-cv-0612-TLN-KJN PS<br><br><br>ORDER |

Plaintiff Pamela Watkins, proceeding without counsel, commenced this action against the United States Postal Service on March 23, 2017, and ultimately paid the filing fee. (ECF No. 1.)[1] Liberally construed, plaintiff's complaint appears to allege some type of civil rights claim based on electronic harassment, plaintiff being called names by supervisors and/or co-workers, and plaintiff being shocked in her right leg by her "satchel, scanner, and arrow keys." (Id.) Plaintiff seeks monetary damages, a job transfer, an MRI scan, and removal of a foreign body from her person. (Id.)

On April 18, 2017, the court issued an "Order Setting Status Conference." (ECF No. 5.) The order directed plaintiff to "complete service of process on defendants named in the complaint

---

[1] Plaintiff has consented to proceed before a United States Magistrate Judge for all purposes pursuant to 28 U.S.C. § 636(c). (ECF No. 6.)

1

within 90 days from the date of this order. Plaintiff is cautioned that this action may be dismissed if service of process is not accomplished within 90 days from the date that the complaint is filed. See Fed. R. Civ. P. 4(m)." (Id. at 1.)

That same order set a status (pre-trial scheduling) conference for August 31, 2017, at 10:00 a.m., and stated that "[a]ll parties shall appear by counsel or in person if acting without counsel." (ECF No. 5 at 2.) The order also directed the parties to file a status report addressing specific topics no later than seven (7) days prior to the status conference. (Id. at 2-3.) The order specifically cautioned that "[f]ailing to obey federal or local rules, or [an] order of this court, may result in dismissal of this action. This court will construe pro se pleadings liberally, but pro se litigants must comply with the procedural rules." (Id. at 3.)

No status report was filed prior to the status conference. Additionally, the United States Postal Service has not yet appeared in this case. This strongly suggests that plaintiff has not properly served defendant with process, even though the 90-day period for service of process has now expired. Indeed, a proof of service filed on May 5, 2017, shows that plaintiff herself had attempted service on the United States Postal Service using certified mail. (ECF No. 7.) However, such service was plainly insufficient, because plaintiff herself may not serve the defendant, and serving a federal agency merely by certified mail is inadequate. See Fed. R. Civ. P. 4(c)(2) (outlining who may serve process); Fed. R. Civ. P. 4(i)(1)-(2) (outlining the specific methods for serving an agency of the United States).

At the August 31, 2017 status conference, plaintiff appeared representing herself. The court noted the insufficiency of plaintiff's service of process and that the 90-day period for service of process had expired. However, as the court also observed at the status conference, the court is not unsympathetic to the difficulties faced by a *pro se* litigant in representing herself in federal court. As such, in light of plaintiff's *pro se* status, and the court's desire to resolve the action on the merits, the court grants plaintiff an extension of time to complete service of process. Nevertheless, plaintiff is hereby cautioned that, although the court liberally construes the pleadings of *pro se* litigants, they are required to comply with all court deadlines and procedural

rules, including the Federal Rules of Civil Procedure and this court's Local Rules.[2]

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff is granted an extension of 30 days from the date of this order to properly complete service of process on the United States Postal Service in accordance with Federal Rule of Civil Procedure 4, and shall promptly file a proof of service with the court.
2. Once the United States Postal Service appears, the court will set another status/scheduling conference, if appropriate.
3. Failure to properly complete service of process in accordance with Federal Rule of Civil Procedure 4 and this order by the required deadline will result in dismissal of the action pursuant to Federal Rule of Civil Procedure 41(b).

IT IS SO ORDERED.

Dated: September 1, 2017

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

---

[2] A copy of the court's Local Rules can be obtained from the Clerk's Office or online from the court's website.

3