1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                      FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    PAMELA E. WATKINS,                        No.  2:17-cv-612-TLN-KJN PS

12                     Plaintiff,

13         v.                                    ORDER

14    UNITED STATES POSTAL SERVICE,

15
                       Defendant.
16

17

18          Plaintiff Pamela Watkins, proceeding without counsel, commenced this action against the

19    United States Postal Service on March 23, 2017, and ultimately paid the filing fee.  (ECF No. 1.)[1]

20    Liberally construed, plaintiff's complaint appears to allege some type of civil rights claim based

21    on electronic harassment, plaintiff being called names by supervisors and/or co-workers, and

22    plaintiff being shocked in her right leg by her "satchel, scanner, and arrow keys."  (Id.)  Plaintiff

23    seeks monetary damages, a job transfer, an MRI scan, and removal of a foreign body from her

24    person.  (Id.)

25          At an August 31, 2017 status conference, plaintiff appeared representing herself.  At that

26    time, the court noted the insufficiency of plaintiff's service of process and that the 90-day period

27    _____

28    [1] Plaintiff has consented to proceed before a United States Magistrate Judge for all purposes
      pursuant to 28 U.S.C. § 636(c).  (ECF No. 6.)

                                                    1

for service of process had expired. However, as the court also observed at the status conference, the court is not unsympathetic to the difficulties faced by a *pro se* litigant in representing herself in federal court. As such, in light of plaintiff's *pro se* status, and the court's desire to resolve the action on the merits, the court granted plaintiff a 30-day extension of time to complete service of process and file a proof of service with the court. In the September 1, 2017 order following the status conference, the court also expressly referred plaintiff to the applicable Federal Rules to consult in order to properly complete service of process. (See ECF No. 9 at 2 [citing Fed. R. Civ. P. 4(c)(2) (outlining who may serve process); Fed. R. Civ. P. 4(i)(1)-(2) (outlining the specific methods for serving an agency of the United States)].) Nevertheless, plaintiff was also cautioned that future failure to properly complete service of process by the required deadline would result in dismissal of the action pursuant to Federal Rule of Civil Procedure 41(b). (Id. at 3.)

Although the new deadline has now long passed, no proof of service was filed indicating that plaintiff had properly completed service of process, nor has plaintiff requested an extension of time to do so based on good cause. There has also been no appearance by defendant. At this juncture, the court has little choice but to dismiss the action pursuant to Federal Rule of Civil Procedure 41(b) for failure to comply with court orders and failure to prosecute the action.

A court must weigh five factors in determining whether to dismiss a case for failure to prosecute, failure to comply with a court order, or failure to comply with a district court's local rules. See, e.g., Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992). Specifically, the court must consider:

> (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives.

Id. at 1260-61; accord Pagtalunan v. Galaza, 291 F.3d 639, 642-43 (9th Cir. 2002).

Here, the first two factors strongly weigh in favor of dismissal, because this case has already been significantly delayed by plaintiff's failure to properly serve the defendant. The third factor also slightly favors dismissal, because witnesses' memories fade and evidence becomes stale with the passage of time brought about by unnecessary delay.

Furthermore, the fifth factor, availability of less drastic alternatives, favors dismissal, because the court has already attempted less drastic alternatives. More specifically, the court, cognizant of plaintiff's *pro se* status, *sua sponte* provided plaintiff with an extension of time to complete service of process and even referred plaintiff to the appropriate rules of procedure to consult in determining how to effectuate service of process. The court cannot provide any further instruction without straying into the realm of improperly providing legal advice. Additionally, the court finds that the imposition of monetary sanctions would not be an effective lesser remedy in this case. In light of the nature of plaintiff's complaint, as well as her demeanor at the status conference, it does not appear that plaintiff is willfully or maliciously failing to comply with court orders. As such, the imposition of monetary sanctions would be merely punitive and would not advance the objective of moving the case towards a resolution on the merits. Indeed, although the court does not reach the merits of plaintiff's claims, the nature of plaintiff's allegations also suggests that it is unlikely that plaintiff would prevail on the merits.

Finally, as to the fourth factor, the public policy favoring disposition of cases on their merits, that factor is outweighed by the other <u>Ferdik</u> factors. As noted above, the court is not unsympathetic to the difficulties faced by plaintiff in attempting to bring this action in federal court. However, plaintiff's continued failure to properly complete service of process, despite an extension and appropriate instruction from the court, leaves the court with little confidence that this action can be resolved on the merits.

Accordingly, IT IS HEREBY ORDERED that:

1. The action is dismissed pursuant to Federal Rule of Civil Procedure 41(b).

2. The Clerk of Court shall close this case.

Dated: October 12, 2017

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE